UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
THE PUFFIN COMPANY, LLC,

               Plaintiff,           MEMORANDUM AND ORDER

      -against-                   CV 06-3579 (LDW)

NIKKI KVITKA, a/k/a NIKKI C. KVITKA
a/k/a NANCY C. KVITKA, a/k/a NIKKI K.
VITKA, et al.,

               Defendants.
----------------------------------------------------X
APPEARANCES

    FRANKLIN, GRINGER & COHEN, P.C.
    BY: KENNETH C. SUTAK and CLAUDIA N. WERNICK, ESQS.
    666 Old Country Road, Suite 202
    Garden City, New York 11530-2013
    Attorneys for Plaintiff

    KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
    BY: DOUGLAS F. BRODER, ESQ.
    599 Lexington Avenue
    New York, New York 10022
    Attorneys for Defendants

WEXLER, District Judge

    Plaintiff The Puffin Company, LLC brings this action against defendants Nikki (a/k/a Nancy) Kvitka, Richard Kvitka, and Nikel Enterprises, Inc. ("NEI") asserting claims for breach of the covenant of good faith and fair dealing, interference with business relations, fraud, indemnification, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Plaintiff demands damages and injunctive relief. Defendants move to dismiss the complaint or, alternatively, to transfer this action to the United States District Court for the Middle District of Pennsylvania. Plaintiff opposes the motion.

According to defendants, plaintiff's complaint arises from the same transaction or occurrence that gave rise to claims asserted by defendants Nikki Kvitka and NEI in a complaint filed in the Middle District of Pennsylvania (the "Pennsylvania Action") almost two months prior to plaintiff's action here (the "New York Action"). Defendants maintain that plaintiff's claims in the New York Action should have been – but were not – asserted as compulsory counterclaims in the Pennsylvania Action pursuant to Rule 13(a) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 13(a) ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ."). Defendants argue that plaintiff's failure to assert its compulsory counterclaims in the Pennsylvania Action is grounds for dismissal of the later-filed New York Action, absent a showing of a balance of convenience or special circumstances giving priority to the New York Action. See, e.g., Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991) (" '[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second.' " (quoting First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir.1989))). Plaintiff does not dispute defendants' statement of the law governing compulsory counterclaims and competing lawsuits, but adds, correctly, that this Court has discretion to stay or dismiss the New York Action should it find that plaintiff's claims are compulsory counterclaims in the Pennsylvania Action. See id. In any event, plaintiff argues, its claims in the New York Action are not compulsory counterclaims in the Pennsylvania Action.

In the Pennsylvania Action, defendants alleged that they are engaged in the purchase and sale of antique bisque dolls having values exceeding $5,000. Defendant Nikki Kvitka purports to be one of the leading dealers of such dolls. Plaintiff is the publisher of a magazine known as the Antique Doll Collector ("ADC"), which focuses in large part on antique bisque dolls, like those purchased and sold by defendants. Defendants have advertised in ADC since 1998, placing a full-page color advertisement on the first page of ADC each time it was published. In July 2005, Keith Kaonis ('Kaonis"), who is employed by plaintiff's as Advertising and Creative Director of ADC, and Joyce Kekatos ("Kekatos"), who is a regular advertiser in ADC, attended the annual national convention of the United Federation of Doll Clubs in Philadelphia, Pennsylvania. At or about that time of the convention "a scheme was developed . . . whereby [plaintiff, Kaonis, Kekatos] and other persons who are believed to be competitors of the [defendants] decided to disparage [defendants'] business reputation with the goal of harming [defendants'] business and forcing [defendants] out of [ADC]." Complaint (Pennsylvania Action) ¶ 49. As one result of the alleged scheme, plaintiff notified defendants in August 2005 that it would no longer accept defendants' advertisements for ADC. In April 2006, defendants filed the Pennsylvania Action, asserting claims for violation of section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, civil conspiracy, interference with prospective advantage, trade disparagement, and breach of contract. Defendants demanded damages and injunctive relief.

In June 2006, plaintiff filed the New York Action in Supreme Court, Suffolk County. Defendants thereafter removed the action to this Court. In the New York Action, plaintiff alleges that defendants engaged in a pattern of fraudulent and other improper activities during the time defendants advertised in ADC, through and including the submission of their last

advertisement in August 2006, to the detriment of plaintiff's magazine business and plaintiff's subscribers and other advertisers. Defendants conduct included, <u>inter alia</u> (1) disparaging other antique doll collectors (including Kekatos) and their advertised dolls by telephone and by forged or contrived e-mails; and (2) engaging, through their advertisements in ADC, in (a) false, misleading and deceptive advertising, (b) "bait and switch" sales practices, (c) deceitful price manipulation practices, and (d) abuse and intimidation of customers. According to plaintiff, since August 2005, existing and potential subscribers and customers have accused plaintiff of being partially responsible for injuries they sustained "by virtue of ADC having been turned into a platform, conduit or enabler for defendants to perpetrate [the alleged] practices attributed to them . . . or by virtue of ADC . . . having hosted misleading and fraudulent advertisements for [defendants]." Complaint (New York Action) ¶ 31. Plaintiff asserts claims for breach of the covenant of good faith and fair dealing, interference with business relations, fraud, indemnification, and violation of RICO.

Upon consideration, the Court agrees with defendants that plaintiff's claims in the New York Action are compulsory counterclaims in the Pennsylvania Action. A party's claim arises out of the same "transaction or occurrence" and, therefore, is a compulsory counterclaim, if "a logical relationship exists between the claim and the counterclaim and [if] the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." <u>Adam v. Jacobs</u>, 950 F.2d 89, 92 (2d Cir. 1991) (internal quotations omitted). A review of the complaints in the two actions demonstrates that there is a sufficiently "logical relationship" between defendants' claims in the Pennsylvania Action and plaintiff's claims in the New York Action, and the essential facts of the claims are

sufficiently "logically connected" that considerations of judicial economy and fairness dictate that all the issues be resolved in one action. The claims in both actions arise from a contractual relationship between plaintiff and defendants Nikki Kvitka and NEI, which relationship allegedly lasted from approximately 1998 to 2005, and events related to that relationship and its termination. The contractual relationship lying at the heart of both actions is plaintiff's alleged agreement to publish, for a fee, defendants' advertisements for the sale of Antique Bisque Dolls in ADC. While the Pennsylvania Action alleges a scheme by plaintiff and the two individuals that differs significantly in scope and aim from the scheme of defendants alleged in the New York Action, both actions stem largely from the parties' alleged contractual relationship and certain acts and communications by and between plaintiff's employees, defendants, and antique doll dealers and customers related to and leading to the end of that contractual relationship. The Court finds that there is a sufficiently logical connection to the allegations in the two actions that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.

Given this determination, the Court should stay or dismiss this action absent a showing of a balance of convenience or special circumstances giving priority to the New York Action. See id. In deciding the balance of convenience, the factors courts commonly consider include:

> (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

J. Lyons & Co. v. Republic of Tea, Inc., 892 F. Supp. 486, 492 (S.D.N.Y. 1995); see also Rico Records Distribs., Inc. v. Ithier, 364 F. Supp. 2d 358, 361 (S.D.N.Y. 2005).

Upon consideration, the Court finds that these factors do not justify giving priority to the New York Action. Factors 1 through 5 and 7 do not significantly favor one action over the other. As for factor 6, the relative means of the parties is not presented in the record, so this factor cannot be said to favor one action over the other. As for factors 8 and 9, although plaintiff's choice of forum generally is given substantial weight, this factor is offset by considerations of factor 9, in that the interests of trial efficiency and justice weigh toward combining these actions in the forum where the first action was filed, thereby avoiding duplicative litigation, inconsistent results, and unnecessary expense and effort. Given the connection between the allegations in the two actions, the Court finds that combining these actions in one forum would significantly promote the interests of justice and judicial economy.

The Court does not find special circumstances for giving priority to the New York Action, particularly since there is no indication that the Pennsylvania Action was an improper anticipatory filing or forum shopping.

The Court concludes that the circumstances justify dismissing, rather than staying, the New York Action, with dismissal conditioned on plaintiff being permitted to file its claims in the New York Action as counterclaims in the Pennsylvania Action.

Accordingly, for the above reasons, defendants' motion is granted to the extent that this action is dismissed upon the condition that plaintiff be permitted to file its claims in the New York Action as counterclaims in the Pennsylvania Action.

The Clerk of Court is directed to terminate the motion and close the file in this action.

SO ORDERED.

                                                /s/
                                      LEONARD D. WEXLER
                                      UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       April 19, 2007